## GUTHRIE v. RUSS.

### No. 11134.

Court of Civil Appeals of Texas. Galveston.
Feb. 13, 1941.

Rehearing Denied March 6, 1941.

254

W. H. Betts, of Hempstead, for appellants.

Marvin Sprain, of Bellville, Richard Spinn, of Brenham, and C. D. Duncan and J. Lee Dittert, both of Bellville, for appellee.

GRAVES, Justice.

The appeal herein sought to be prosecuted is based on this order of Hon. M. C. Jeffrey, as Presiding Judge of the District Court of Austin County, to-wit:

"No. 7299–7315

"In the Matter of the Estate of Kinch Russ, Deceased.

"In the District Court of Austin County, Texas.

"On this, the 11th day of May, 1940, there was presented to the Court a Motion for a 're-trial' filed herein by the appellant J. H. Guthrie, as next friend for Vergia Louise Russ and Charles Ray Russ, on the 22nd day of March, 1940, and there was also presented the objections thereto urged by Mrs. Lulie Russ, the contestant in the above entitled and numbered cause in this Court, and appellee in such matter in the Court of Civil Appeals, and the Court is of the opinion:

"1. In this case judgment was rendered on the 12th day of January, 1940, and at that time notice of appeal was given from final judgment, and no motion for a new trial was filed within two days thereafter. And the appellant having filed his affidavit of inability to pay costs or give security therefor, in due time his appeal in forma pauperis was perfected to the Court of Civil Appeals for the First Supreme Judicial District of Texas, sitting at Galveston. The appellant by a motion for a Re-Trial filed herein on March 22nd, 1940,—some 65 or 70 days after giving notice of appeal from final judgment, and some 50 days after perfecting his appeal from final judg-

ment, seeks a new trial in this Court because, as he alleged, he has been deprived of a statement of facts upon which to base the merits of his appeal in such Court of Civil Appeals. Wherefore, this Court feels that it is without jurisdiction to entertain such motion for a new trial inasmuch as the things therein complained of affect matters confided to, lodged in and affecting the jurisdiction of the Court of Civil Appeals for the First Supreme Judicial District of Texas, and that this Court is without authority to entertain such motion because thereof.

"2. But if the Court should be mistaken, and that it does have jurisdiction in the premises and the discretion to entertain such motion, in the exercise of such discretion it doth decline to consider the same, and in justification of such exercise of discretion the Court doth find;

"That the appellant J. H. Guthrie, as next friend, gave notice of appeal in this Court on the 12th day of January, 1940, and in due time on the 27th day of January, 1940, filed an affidavit of inability to pay costs or give security therefor, and he thereby complied with Article 2266 of the Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 2266], but that he did not thereafter comply with Article 2278a, Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 2278a], but had he complied with said Article 2278a, he never made demand upon or application to the official Court Reporter for a narrative form statement of facts, as contemplated by Article 2278a, as aforesaid.

"On the 4th day of March, 1940, the appellant, J. H. Guthrie, as next friend, did make application to and demand upon the official Court Reporter for a question and answer form statement of facts, but inasmuch as the same was an appeal in forma pauperis, and inasmuch as the appellant declined to give guarantee for the payment of the same when the same was to be delivered, the appellant was not entitled to a question and answer form of statement of facts.

"3. Although the appellant J. H. Guthrie, as next friend, on the 22nd day of March, 1940, made oath that he was unable to prepare a statement of facts in this cause and unable to prepare bills of exception, yet on the 29th day of April, 1940, he tendered to counsel for appellee, Mrs. Lulie Russ, a

statement of facts, in part, purporting to be all of the oral testimony introduced upon the trial of such cause. The appellant J. H. Guthrie, as next friend, by reason of laches, negligence and a lack of diligence has failed to procure a statement of facts in narrative form as provided by statute. That he has failed to comply with Article 1839 of the Revised Civil Statutes of Texas, and also Article 2246 [Vernon's Ann.Civ.St. arts. 1839, 2246], and if this Court should prepare a statement of facts at this time, it could not be filed in this Court, nor could it be entertained by the Court of Civil Appeals for the First Supreme Judicial District of Texas in the matter of the appeal of the said J. H. Guthrie, as aforesaid. And the appellant has not complied with Article 2240, R.S.

"4. It appears that this cause as heard in January of 1940, was a trial de novo on certiorari in the exercise of the appellate jurisdiction of this Court, and that the docket entry as made upon such docket, from which the appeal is prosecuted, was made on the 12th day of January, 1940, denying probate of the instrument offered for probate as the last will and testament of Kinch Russ, deceased, and that said docket entry constituted a final judgment entered of record.

"5. That the judgment of said Court was further reduced to writing and signed by the trial Judge and filed with the Clerk on the 15th day of January, 1940, and the same was never changed except on the 17th day of January, 1940, E. D. Sorsby and H. D. Schwarz added to the record of such judgment their exception to such judgment and notice of appeal.

"6. That the judgment of this Court was recorded in the Civil Minutes of this Court at a date not before the 5th day of February, 1940, and at a date not later than the 18th day of February, A. D. 1940.

"Wherefore, having recited the reasons and justification for exercising of any discretion this Court may have to consider said motion, it is the order of this Court that the motion for 'Re-Trial' herein filed on the 22nd day of March, 1940, be, and the same is hereby, denied consideration.

"To such action and ruling of the Court the appellant J. H. Guthrie, as next friend, by and through his attorney of record, W. H. Betts, then and there excepted and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, Texas.

"[s] M. C. Jeffrey,
"As presiding Judge of the District Court of Austin County, Texas."

It is shown that the order was so entered in response to a motion made by the appellee in the trial court, on the 9th day of May, 1940, requesting that court not to overrule but to deny consideration of appellant's motion therein called one for "A Re-Trial", which was done, appellee's answering motion being sustained.

The transcript containing the quoted order, together with other proceedings, including the affidavit in forma pauperis of J. H. Guthrie, which is described in the order, was presented to this court for filing, and by it ordered filed, despite a motion of appellee opposing that action, on July 8, 1940.

On re-examination of such order permitting the filing of the transcript, it is concluded that it was an improvident one; this, for the reason that the quoted order of the court below, as its terms plainly imply, is not one overruling a long-belated motion of the appellant for a "Re-Trial" (that is one filed March 22 of 1940), "In the matter of the estate of Kinch Russ, deceased", but was merely one denying consideration of such belated motion; hence— there being shown no abuse of a sound judicial discretion—no proper predicate for the prosecution of an appeal is left.

As the order itself recites, the final judgment "In the matter of Kinch Russ' Estate", to which it relates, had been rendered on January 12, 1940, from which Guthrie, as next friend, had duly perfected his appeal on the 27th day of January, 1940; whereas, such judgment had not been entered upon the minutes of the court until "a time not before the 5th day of February, 1940, and not after the 18th day of February, 1940"; so that, it became obligatory upon appellant under R.S. Article 1839 to file a transcript in that cause within 60 days, at least, from February 18, 1940, or, at the most, to file within 15 days thereafter, a motion showing good cause for delay; but the undisputed showing is that no transcript was ever herein tendered or filed, nor was any such motion seeking delay for filing one made, until the 8th day of July, 1940, when, as indicated, this court, by some inadvertence, permitted such transcript to be so belatedly filed here.

256

There is nothing competently presented to this court in impeachment of the quoted order of the court below, from which it is sought to prosecute this appeal, hence it will be presumed to have validly exercised its discretion in refusing to consider the "re-trial" motion; R.S. Article 2232; Dittman v. Model Baking Co., Tex. Com.App., 271 S.W. 75.

Since it also appears that appellant failed to duly prosecute his appeal so perfected on January 27, 1940, from the trial court's final judgment in cause No. 7299–7315, no sufficient excuse therefor being shown, and appellee neither having waived nor been estopped from taking advantage of the delay, the belated transcript will now be stricken from these files, and the appellant's appeal herein will be dismissed. 3 Tex.Jur. par. 518, p. 723, and foot-note cited authorities.

It is so ordered.

Appeal dismissed.